UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL ESQUIVEL,<br><br>  Plaintiff,<br><br>  v.<br><br>FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>  Defendant. | Case No.  1:22-cv-00001-EPG<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED PETITION<br><br>(ECF No. 24) |

     Plaintiff Crystal Esquivel ("Plaintiff"), proceeding through counsel, filed this action pursuant to the Indian Child Welfare Act ("ICWA"), 25 U.S.C. § 1901[1] *et seq.*, on December 28, 2021. (ECF No. 1).[2] On March 15, 2022, Plaintiff filed a First Amended Complaint ("FAP"). (ECF No. 10). Plaintiff alleges that Defendant Fresno County Department of Social Services ("Defendant") failed to comply with statutory inquiry and notice requirements under 25 U.S.C. § 1914. On June 16, 2022, on consent of the parties, the case was reassigned from District Judge Dale A. Drozd to the undersigned. (ECF No. 23). Defendant filed a motion to dismiss the FAP on July 29, 2022, for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil

---

[1] All subsequent statutory references are to 25 U.S.C. § 1901 *et seq.*, unless indicated otherwise.
[2] Plaintiff titled the complaint "Memorandum in Support of Petition for Review, and/or Evidentiary Hearing, Regarding Violation of the Indian Child Welfare Act (ICWA)." Plaintiff's First Amended Complaint is likewise referred to as the "Amended Memorandum in Support of Petition for Review, and/or Evidentiary Hearing, Regarding Violation of the Indian Child Welfare Act (ICWA)." The Court will construe Plaintiff's filing as a complaint, despite the different format.

1

Procedure. (ECF No. 24). A hearing on the motion was held on September 16, 2022.[3]

For the following reasons, the Court grants Defendant's motion to dismiss.

### I. PLAINTIFF'S COMPLAINT

#### a. Background

Plaintiff alleges in her complaint as follows: on June 11, 2019, Defendant filed a Juvenile Dependency Petition concerning Plaintiff's three children. (ECF No. 10 at 2).[4] This was the third such petition filed against Plaintiff. (*Id.* at n. 2). The petition followed an incident at a graduation ceremony for one of Plaintiff's children, an assessment of Plaintiff's home, and Plaintiff's testing positive for methamphetamine. (*Id.* at 11-12). Fresno County Superior Court held a detention hearing on June 13, 2019, and ordered Plaintiff's children to be temporarily placed in Defendant's care, custody, and control. (*Id.* at 2).

Also on June 13, 2019, Plaintiff informed Defendant that ICWA may apply because she was told about possible Indian ancestry through her father's family. (*Id.*). Specifically, Plaintiff said her children may have Cherokee and Pascua Yaqui ancestry. (*Id.*). Defendant sent ICWA notice to the Cherokee and Pascua Yaqui tribes, which included information about Plaintiff's paternal family, however, Plaintiff alleges this information was incomplete and that further investigation by Defendant was required under the law. (*Id.* at 2-3, 20-22).

Plaintiff alleges that during proceedings in Fresno County Superior Court on July 17, 2019, Defendant represented to the court that it received Plaintiff's ICWA claim on July 11, 2019, despite Plaintiff submitting it on June 13, 2019. (*Id.* at 3). Defendant told the court it "overlooked" ICWA because old paperwork was used. (*Id.* at 4). Plaintiff alleges that Defendant misrepresented to the court that it tried for a month to locate additional members of Plaintiff's family, when at most Defendant could only have spent four days doing so. (*Id.*). Defendant requested a 75-day continuance on July 17, 2019, and on July 22, 2019, submitted a signed declaration indicating "that the information provided in the ICWA notice included all of the known information about [Plaintiff's] relatives." (*Id.* at 4-5).

---

[3] Any citations to the September 16, 2022, hearing correspond to the audio recording timestamps and any transcription is unofficial and based on the audio file. A copy of the audio recording is available to the parties upon request.

[4] Page numbers cited are based on the page numbers indicated in blue text at the top of each page of each exhibit.

At a hearing on October 22, 2019, Defendant's motion to declare ICWA inapplicable was granted. (*Id.* at 7). Plaintiff alleges that the court did not review Defendant's documentation for diligence and that Defendant's burden was improperly shifted to Plaintiff regarding the ICWA claim. (*Id.* at 7, 9-11). The Fifth District Court of Appeals affirmed the Superior Court's ruling, finding "substantial evidence of proper notice to the Cherokee and Pascua Yaqui tribes." (*Id.* at 7). Plaintiff argues that the Fifth District's holding is unsupportable considering Defendant failed to further investigate and inquire about additional members of Plaintiff's family for the ICWA claim. (*Id.* at 8).

### b. Plaintiff's Current Action

Plaintiff's complaint "petitions for review of the denial of her California Supreme Court petition" which "involved, in relevant part, a claim that the [Defendant] violated [ICWA]." (*Id.* at 14). Specifically, Plaintiff alleges that Defendant violated 25 U.S.C. § 1912(d) and 25 C.F.R. § 23.120(b) when Defendant "failed to meet the requirement to include the available resources of extended family members" and "failed to provide documentation of active/diligent efforts to ascertain Indian (Native American) ancestry." (*Id.*). Plaintiff further alleges that the California Supreme Court erred in its denial of a hearing for Plaintiff's petition. (*Id.*).

Plaintiff seeks for this Court to invalidate the state court judgment terminating Plaintiff's parental rights on the basis that Defendant failed to comply with ICWA requirements, and to grant other relief as appropriate. (*Id.* at 15).

## II. DEFENDANTS' MOTION TO DISMISS

### a. Defendant's Motion to Dismiss

Defendant's motion to dismiss argues that the Court lacks subject matter jurisdiction because a petition may only be brought under 25 U.S.C. § 1914 where proceedings involved an Indian child. (ECF No. 25 at 9). Defendant contends that Plaintiff's complaint fails to allege that Plaintiff or her children are members of or eligible for membership in a federally recognized Native American tribe to support a § 1914 petition. (*Id.*). Defendant further argues that Plaintiff lacks statutory standing to bring this action under 25 U.S.C. § 1914 "because she cannot show she is a parent of an Indian child." (*Id.* at 9). In support, Defendant relies on documents subject to judicial notice, including copies of the responses received from the Cherokee and Pascua Yaqui

tribes, as well as court documents from past proceedings in which Plaintiff previously claimed she did not have Native American ancestry. (*Id.* at 23-24).

Defendant's motion also argues that "[Plaintiff's] claims are barred by res judicata and collateral estoppel because she seeks to relitigate the same issues regarding compliance with and the applicability of the ICWA that were previously adjudicated in state court." (*Id.* at 9). In support, Defendant references the proceedings in the Fresno County Superior Court and cites court documents from the Fifth District Court of Appeals, arguing that:

> [Plaintiff] now in this federal proceeding seeks to relitigate the same alleged violations of the ICWA that she raised in the state appellate court proceedings. In fact, the state appellate court specifically referenced 25 U.S.C. § 1914. (ECF No. 10-5, p. 25). By its terms, Section 1914 authorizes a "petition [in] *any court* of competent jurisdiction." *Id* [emphasis added]. A plain reading of "any court of competent jurisdiction" would include state court proceedings where ICWA is raised and adjudicated and would include state court appeals affirming such determinations on ICWA.
>
> . . . .
>
> [T]he appellate court found substantial evidence of proper notice to the Cherokee and Pascua Yaqui tribe[s]. ([ECF] No. 10-4, p. 29). The appellate court further found substantial evidence of the ICWA compliance. (*Id.*, at 31.) The state trial court issued [a] final decision on the non-applicability of the ICWA and entered [a] final order to terminate [Plaintiff's] parental rights, which were both affirmed on appeal.

ECF No. 24 at 24-25, 29.

Lastly, Defendant argues that Plaintiff fails to state a claim upon which relief may be granted. (*Id.* at 10). In support, Defendant relies on court documents containing information about Plaintiff's ICWA claim, the notices sent to the Cherokee and Pascua Yaqui tribes, and the proceedings in the Fifth District Court of Appeals. (*Id.* at 31-34). Defendant also contends that Plaintiff has misconstrued the meaning of the statutes governing the enforcement of ICWA, and that Defendant is not the proper party for Plaintiff's allegations of "error by the state trial and appellate courts." (*Id.* at 35).

### b. Plaintiff's Opposition

Plaintiff argues in her opposition that the Court has subject matter jurisdiction through a

question of federal law. (ECF No. 25 at 6). Plaintiff frames the question as "whether [Defendant] performed the federally required due diligence in investigating extended family members regarding [Plaintiff's] ICWA claim." (*Id.* 6). Plaintiff argues "[w]ithout a proper diligent search, it is impossible to know if ICWA does in fact apply to [Plaintiff] and her children." (*Id.* at 7). Plaintiff cites the laws at issue as 25 C.F.R. §§ 23.107, 23.111, and 23.120. (*Id.* at 9). Plaintiff argues that a violation of these laws subsequently violates 25 U.S.C. § 1912(d) thus permitting a petition under 25 U.S.C. § 1914. (*Id.* at 9, 15). Plaintiff also argues that Defendant improperly shifted the burden to Plaintiff to prove her Indian ancestry "while 25 C.F.R. § 23.107, and parallel state law, clearly places such a burden on [Defendant]." (*Id.* at 7).

Plaintiff argues that her claim is not barred by res judicata or collateral estoppel because she is not seeking to relitigate the same issues raised in the state courts. (*Id.*). Plaintiff contends, "[T]he specific issues here were not sufficiently covered in the state court proceedings. That is, the state courts did not address whether [Defendant] properly adhered to the unambiguous terms of 25 C.F.R. §§ 23.107 and 23.120, nor did these courts examine the issue of whether it was proper to shift the burden to [Plaintiff]." (*Id.* at 8).

Plaintiff argues that she has clearly stated a claim upon which relief may be granted, because Defendant's failure to comply with statutory requirements warrants a new hearing to re-evaluate the termination of Plaintiff's parental rights. (*Id.* at 8). Lastly, Plaintiff contends that Defendant is the proper party to respond to claims of legal error because "court rulings and court conduct are always reviewed when a higher court examines a case that has previous rulings." (*Id.* at 25).

### III.   LEGAL STANDARDS

#### a.   Subject Matter Jurisdiction and Standing

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases that the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). To proceed in federal court, a plaintiff's pleading must establish the existence of subject matter jurisdiction. Generally, there are two potential bases for federal subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity jurisdiction.

Standing is necessary for a court's exercise of subject matter jurisdiction and "if a plaintiff lacks standing, the court lacks subject matter jurisdiction under Article III of the U.S. Constitution." *Rosales v. Dutschke*, 279 F.Supp.3d 1084, 1090 (E.D. Cal. 2017) (citing and quoting *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). Standing involves an inquiry as to "whether the plaintiff has made out a case or controversy between himself and the defendant within the meaning of Art[icle] III by demonstrating a sufficient personal stake in the outcome." *Fleck & Assocs., Inc. v. Phoenix, City of, an Arizona Mun. Corp.*, 471 F.3d 1100, 1103 (9th Cir. 2006) (alteration in original) (internal quotation marks omitted) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "Standing is determined by the facts that exist at the time the complaint is filed." *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n. 4 (1992)). Plaintiffs bear the burden of establishing standing. *WildEarth Guardians v. U.S. Dept. of Agriculture*, 795 F.3d 1148, 1154 (9th Cir. 2015).

To establish standing, a plaintiff must prove that they have suffered an "injury in fact," which is "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 505 U.S. at 560. A plaintiff may assert that an invasion of their legally protected interest stems from a legal right created by statute. *Warth v. Seldin*, 422 U.S. 490, 500 (1975) ("The actual or threatened injury required by Art[icle] III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." (ellipsis and internal quotation marks omitted) (citations omitted)). Prudential rules of standing in such cases require courts to consider "whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." *Id.*

### b. Motions to Dismiss

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Hosp. Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976). The Court must also construe the alleged facts in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (*per curiam*). All ambiguities or doubts must also be resolved in the plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. *See Iqbal*, 556 U.S. at 679. The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted).

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### c. Judicial Notice

Generally, judicial consideration of evidence beyond the pleadings will convert a motion to dismiss into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also* Fed. R. Civ. P. 12(b)(6) (providing that when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . ."). This general rule is subject to two exceptions. "First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion . . . into a motion for summary judgment." *Lee*, 250 F.3d at 688 (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (internal quotation marks omitted)). "Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record." *Lee*, 250 F.3d at 688-689 (quoting *Mack v. South Bay Deer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v.*

*Solimino*, 501 U.S. 104 (1991) (internal quotation marks omitted)).

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Documents that are part of the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another court case, but a court may not take judicial notice of findings of facts from another case. *See Wyatt v. Terhune*, 315 F.3d 1108, 1114 & n.5 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca,* 747 F.3d 1162 (9th Cir. 2014) (*en banc*).

### 1. Judicial Notice of Documents Outside Plaintiff's Complaint

Both Plaintiff and Defendant rely on documents outside Plaintiff's complaint in their opposition and motion to dismiss, respectively. Specifically, the documents referred to are:

- Clerk's Transcripts (ECF No. 10-2).
- Reporter's Transcripts (ECF No. 10-3).
- Opinion of the Fifth District Court of Appeals (ECF No. 10-4).

Here, the clerk's transcripts include, among other items, the ICWA notice Defendant provided to the Cherokee and Pascua Yaqui tribes and the responses from those tribes. The reporter's transcripts contain the proceedings in the Fifth District Court of Appeals. The parties also rely on the opinion of the Fifth District Court of Appeals dated April 6, 2021. As these documents can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, they are appropriate for judicial notice by the Court. *See* Fed. R. Evid. 201(b). Further, the documents were submitted with Plaintiff's complaint and the opinion of the Fifth District Court of Appeals is a matter of public record. *In re. Christian P.*, 2021 WL 1257556 (Cal. Ct. App., Apr. 6, 2021, No. F081686), *review denied* (July 14, 2021).[5] Judicial notice is unopposed by the parties.[6]

Accordingly, it is proper for the court to take judicial notice of the above-named

---

[5] This citation is to the opinion of the Fifth District Court of Appeals.
[6] Plaintiff mentions in her complaint that the Court may take judicial notice of certain dates pertaining to Defendant's alleged insufficient diligence regarding ICWA. (ECF No. 10 at 4 n.4, 5 at n.5). As the Court does not reach the diligence issue, it declines to take judicial notice of these facts.

8

documents and the following undisputed facts contained therein:

- Plaintiff claimed ICWA may apply on June 13, 2019, and indicated that her children could have Cherokee and Pascua Yaqui ancestry. (ECF No. 10-2 at 80).
- Defendant sent ICWA notices to the Cherokee and Pascua Yaqui tribes on July 22, 2019. (ECF No. 10-2 at 135-205; ECF No. 10-4 at 28).
- The Eastern Band of Cherokee Indians' response to the ICWA notice indicated that Plaintiff's children are not members of nor eligible for membership in the tribe. (ECF No. 10-2 at 125-128).
- The Pascua Yaqui Tribe's response to the ICWA notice indicated that neither Plaintiff, nor her children, nor the children's prospective fathers, are members of the tribe, and Plaintiff's children are not eligible for membership. (ECF No. 10-2 at 131-133).
- The Cherokee Nation's response to the ICWA notice indicated that one of Plaintiff's minor children (the child whose name was submitted in the notice) is not an Indian child within the meaning of ICWA. (ECF No. 10-2 at 220-221).

## IV.   DISCUSSION

For the following reasons, the Court concludes that Plaintiff lacks standing because, based on facts alleged in the complaint and subject to judicial notice, she is not the parent of an "Indian child" as defined by the relevant statute. Accordingly, this Court lacks subject matter jurisdiction over this action.

### a. The Court Lacks Subject Matter Jurisdiction Because Plaintiff Lacks Standing Under ICWA.

Plaintiff must have standing to seek relief under § 1914. Under ICWA, "[a]ny Indian child who is the subject of an action for foster care placement or termination of parental rights under State law, any parent or Indian custodian from whose custody such child was removed, and the Indian child's tribe may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title." 25 U.S.C. § 1914.

Thus, Plaintiff must be a parent of an Indian child within the meaning of ICWA to bring a

9

petition under § 1914. These definitions are set forth as follows:

> "Indian child" means any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe;
>
> "parent" means any biological parent or parents of an Indian child or any Indian person who has lawfully adopted an Indian child, including adoptions under tribal law or custom. It does not include the unwed father where paternity has not been acknowledged or established;

25 U.S.C. §§ 1903(4), (9).

Defendant argues Plaintiff lacks standing because the court records, subject to judicial notice, establish the minors at issue could not qualify as Indian children because neither the parents nor the children belonged to an Indian tribe. Plaintiff's complaint does not allege facts that, if true, would satisfy this requirement. Plaintiff either alleges, or documents subject to judicial notice establish, the minor children are not Indian children. For example, the Eastern Band of Cherokee Indians, The Cherokee Nation, and the Pascua Yaqui Tribe each responded to Defendant's ICWA notice indicating that Plaintiff's children do not meet the definition of an Indian child. The Eastern Band of Cherokee Indians responded as follows:

> Our office has reviewed the Eastern Band of Cherokee Indians' tribal registry and, based on the information received from you, <u>Christian Esquivel Pizana</u> is **neither** registered nor eligible to register as a member of this tribe.
>
> <u>Christian Esquivel Pizana</u> is not considered an "Indian Child" in relation to the Eastern Band of Cherokee Indians as defined in 25 U.S.C., Section 1903 (4).
>
> Therefore, the Eastern Band of Cherokee Indians is not empowered to intervene in this matter.
>
> . . . .
>
> Our office has reviewed the Eastern Band of Cherokee Indians' tribal registry and, based on the information received from you, <u>S.E.</u>[7] is **neither** registered nor eligible to register as a member of this tribe.

---

[7] Abbreviations are used in place of the full names of the minor children.

10

> S.E. is not considered an "Indian Child" in relation to the Eastern Band of Cherokee Indians as defined in 25 U.S.C., Section 1903 (4).
>
> Therefore, the Eastern Band of Cherokee Indians is not empowered to intervene in this matter.
>
> . . . .
>
> Our office has reviewed the Eastern Band of Cherokee Indians' tribal registry and, based on the information received from you, L.M. is **neither** registered nor eligible to register as a member of this tribe.
>
> L.M. is not considered an "Indian Child" in relation to the Eastern Band of Cherokee Indians as defined in 25 U.S.C., Section 1903 (4).
>
> Therefore, the Eastern Band of Cherokee Indians is not empowered to intervene in this matter.
>
> . . . .

ECF No. 10-2 at 126-128.

    The Pascua Yaqui Tribe responded as follows:

> The Pascua Yaqui Tribe's Enrollment Department has indicated that **Christian Esquivel Pizana, S.E.,** and **L.M.,** the minor children, **Crystal Anna Esquivel,** the mother, **Chase Andre Pizana, Aaron Lee Thompson,** and **Jacob Lee Mills,** the fathers, are not members of the Pascua Yaqui Tribe, nor do they have applications for membership pending.
>
> Based upon the family information provided and the current enrollment records, the children are not eligible for membership and the Tribe will not intervene in this matter.
>
> . . . .

ECF No. 10-2 at 132.

    The Cherokee Nation responded as follows:

> Re: S.E.     DOB: 6/15/2006 Child
> Re: Aaron Thaboun  DOB: 5/15/1987 Father
> Re: Crystal Esquivel  DOB: 9/23/1980 Mother
>  aka: Crystal Ana Esquivel
> . . .

11

> Cherokee Nation Indian Child Welfare has examined the tribal records regarding the above named child/children and none of the names provided can be found.
>
> The child is/children are NOT an "Indian child/children" in relation to the Cherokee Nation as defined in the Federal Indian Child Welfare Act, 25 U.S.C. Section 1903(4). Therefore, the Cherokee Nation does not have legal standing to intervene based on the information exactly as provided by you. Any incorrect or omitted information could invalidate this determination.
>
> . . . .

ECF No. 10-2 at 221.

Moreover, Plaintiff conceded at the hearing that the minors at issue do not meet the definition in the statute:

> Q They're not members, right, you'd concede they're not members of an Indian tribe?
> A I would concede that.
> Q Would you concede that the parents are not members of an Indian tribe?
> A I would concede that, yes.

Hr'g. at 10:35 a.m.

Notwithstanding the tribes' responses, Plaintiff argues in her complaint that the Fifth District Court of Appeal's conclusion, "[I]t is unlikely that information about [Plaintiff's] father's "aunts" or "sisters" would establish Indian ancestry for [Plaintiff's] children when the information on [Plaintiff's] father did not[,]" is inconsistent with the statutory language of ICWA. (ECF No. 10 at 11; *see also* ECF No. 10-4 at 29). However, Plaintiff does not allege that information about these family members would show that her children could qualify as Indian children under the statute. Additionally, as explained to the parties at the hearing (Hr'g. at 10:39 a.m. – 10:42 a.m.), Plaintiff's father's potential eligibility for tribal membership does not render the minors at issue Indian children within the meaning of ICWA, because the parent must be "a member of an Indian tribe" – not merely eligible for membership. 25 U.S.C. §§ 1903(4), (9). Plaintiff has also conceded that she is not a member of an Indian tribe.

Therefore, applying the statute, the minors at issue in this action are not Indian children within the meaning of ICWA, even assuming all allegations in the complaint are true.

12

In her opposition, however, Plaintiff frames the issue before this Court as "not whether [Plaintiff] and her children are Indian, but instead whether [Defendant] followed the proper procedure of the federal laws regulating ICWA procedures to determine if they are Indian." (ECF No. 25 at 9). Plaintiff cites 25 U.S.C. § 1912(d) as the basis for her § 1914 petition, which provides:

> Any party seeking to effect a foster care placement of, or termination of parental rights to, an Indian child under State law shall satisfy the court that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proved unsuccessful.

25 U.S.C. § 1912(d).

The plain language of this statute indicates that its requirements apply only to proceedings involving an Indian child. Plaintiff also refers to 25 C.F.R. §§ 23.107, 23.111, and 23.120.[8] These sections, respectively, concern how state courts are to determine if there is reason to know a child is an Indian child, the notice requirements for custody proceedings concerning an Indian child, and how state courts ensure active efforts have been made to prevent the breakup of the Indian family. However, the basis of any federal action for violation of these provisions still requires Plaintiff to establish standing, i.e., that she is a parent of an Indian child. Although Plaintiff suggests that additional investigation could have revealed facts establishing that the minors are Indian children, and thus that she may have standing, the known and undisputed facts deny this. According to the allegations in the complaint, subject to judicial notice, and inquired about at the hearing, neither the minors nor the parents are members of a tribe. Instead, Plaintiff appears to be alleging that further investigation may have uncovered that the minors had some Indian ancestry. Indeed, Plaintiff's counsel argued at the hearing that the definition of "Indian child" in the statute was too narrow and would improperly exclude children of Indian ancestry. However, the Court must apply the statute as written. The facts alleged do not show that the minors are, or could possibly be, Indian children under the terms of the statute, and thus Plaintiff is not a parent of an Indian child. No amount of further investigation could show otherwise.

Accordingly, as Plaintiff lacks standing, the Court lacks subject matter jurisdiction over

---

[8] The Court does not decide whether Defendant complied with the requirements under these sections.

13

this action.[9]

### b. Plaintiff's Request for Review of the California Supreme Court's Denial to Hear Her Petition is Not Properly Before This Court.

Plaintiff's complaint requests that this Court review the California Supreme Court's denial of her petition. (ECF No. 10 at 14). While the Court's ruling on standing is likely dispositive of any such claim, the Court also addresses the issue as follows.

As explained to the parties at the hearing, this Court is not an appellate court for the state court. (Hr'g. at 10:07 a.m.). Accordingly, this Court does not reach issues of alleged legal error and Plaintiff's request is not properly before this Court. *See Confederated Tribes of Colville Reservation v. Superior Court of Okanogan County*, 945 F.2d 1138, 1141 ("[L]ower federal courts possess no power whatsoever to sit in direct review of state court decisions.").

Thus, the Court lacks jurisdiction to review the state court decisions, absent an independent federal claim as addressed above.

### c. Leave to Amend

"Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Lund v. Cowan*, 5 F.4th 964, 973 (9th Cir. 2021). Petitioner conceded that she has not and cannot allege facts that could establish that her children fall within the statutory definition of an Indian child. Accordingly, leave to amend would be futile.

## V. CONCLUSION AND ORDER

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (ECF No. 24) is GRANTED;
2. Plaintiff's claims are dismissed with prejudice for lack of jurisdiction; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **November 30, 2022**                /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE

---

[9] As the Court finds that it lacks subject matter jurisdiction over this action and that Plaintiff lacks standing, the Court does not reach the additional bases for dismissal raised in Defendant's Motion to Dismiss.